# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Paul Callado Jr** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR00776-001JB** |
| | USM Number: **54188-051** |
| | Defense Attorney: **Robert Gorence, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 1112(a) | Involuntary Manslaughter; Crime in Indian Country, 18 U.S.C. Sec. 1153 | 09/20/2005 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 10, 2010**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 28, 2011**
Date Signed

Defendant: **Paul Callado Jr**
Case Number: **1:10CR00776-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **46 months**.

**The Court has considered and reviewed the Presentence Investigation Report ("PSR") and its factual findings with care. There being no objections to the PSR and its factual findings, the Court will adopt those as its own, along with the change that it made at the hearing on December 10, 2010 to the date in paragraph 8 on page 4 of the PSR. The Court has also considered the guideline applications in the PSR. There not being any objections to the guideline applications in the PSR, the Court will adopt those as its own. The Court has considered the factors set forth in 18 U.S.C. § 3553(a). Defendant Paul Callado, Jr.`s offense level is 15, and his criminal history category is I, establishing a guideline imprisonment range of 18 to 24 months. Under rule 11(c)(1)(C) of the federal rules of criminal procedure, however, the Court accepts the plea agreement, in which Callado pled guilty to involuntary manslaughter. The plea agreement stipulates to a sentence of 46 months. The Court`s judgment and sentence will be consistent with the parties` stipulation in the plea agreement. The Court is satisfied the sentence that is proposed varies upward for appropriate reasons. The Court notes that on September 20, 2005, Callado recklessly caused the death of another during a physical altercation. Callado`s attorney would have faced challenges defending Callado had the case proceeded to trial, because of Callado`s lack of recollection of the events, and because of the medical records regarding the cause of death. The United States also would have faced evidentiary problems had the case gone to trial. Much time has passed since the date of the incident, and the United States was concerned about finding witnesses and fading memories. The United States was also concerned that it would have faced serious opposition to admission of the statements that were central to its case on evidentiary and confrontation clause grounds had the case proceeded to trial. The grand jury found probable cause for second degree murder. Had Callado gone to trial, there was a significant risk that a jury would convict him of second degree murder or voluntary manslaughter. A sentence of 46 months, which is above the range set forth under the guidelines for involuntary manslaughter is below the sentence Callado would have received had a jury convicted him of voluntary manslaughter or second degree murder. The base offense levels for voluntary manslaughter and second degree murder are respectively more than two times and three times the base offense level for involuntary manslaughter.**

**The Court has carefully considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that is set forth in the guidelines for involuntary manslaughter, the crime to which Callado pled guilty, is not appropriate for this offense. The Court has considered the kinds of sentences established by the guidelines for second degree murder, involuntary manslaughter, and voluntary manslaughter and the Court agrees with counsel that a sentence of 46 months reflects the seriousness of the offense, is long enough to promote respect for the law, and provides more just punishment than the sentences set forth for involuntary homicide, manslaughter, or for the second degree murder. The Court also believes that, given the passage of time in this case between investigation and prosecution, and the possibility of no conviction, the sentence affords adequate deterrence and protects the public. Because of some things the Court will recommend to the Bureau of Prisons and will order as part of supervised release, the Court believes that this sentence provides Callado with the needed education, training, and care to overcome some of the problems he has with alcohol. The Court believes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(c). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that a sentence of 46 months is a reasonable sentence. The Court concludes that this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.**

☒   The court makes the following recommendations to the Bureau of Prisons:

   **Florence Federal Correctional Institution, Florence, Colorado, if eligible
   The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☐   The defendant is remanded to the custody of the United States Marshal.

☒   The defendant shall surrender to the United States Marshal for this district:

- ☐ at on
- ☒ as notified by the United States Marshal.
- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - ☐ before 2 p.m. on
  - ☐ as notified by the United States Marshal
  - ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Paul Callado Jr**
Case Number: **1:10CR00776-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Paul Callado Jr**
Case Number: **1:10CR00776-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal controlled substances and any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing or outpatient counseling. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

Defendant: **Paul Callado Jr**
Case Number: **1:10CR00776-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A      ☒   In full immediately; or
B      ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Victim Restitution Act is applicable in this case; however, at this time restitution has not been requested from the victim`s family or the Dulce Indian Health Services.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.